ALBANY,
Jan. 1833.

Greenly
v.
Hopkins.

GREENLY vs. HOPKINS.

*A party receiving money belonging to another and refusing to pay it over, is chargeable with interest, although he has a set off and the precise amount due from him is not liquidated previous to the commencement of the suit.*

THIS was an action of assumpsit, tried at the Madison circuit in September, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The suit was brought to recover the moiety of the costs of the defence of an action against the defendant *as a deputy sheriff,* for selling certain property by virtue of an execution in favor of the plaintiff. The defendant in that action obtained a verdict, and *double costs* were awarded, which were taxed at $110,96 ; an execution for the collection thereof was issued, on which one half of the sum was received by the *defendant* on the *1st October, 1821,* and the other half by the *attorney* who defended the suit. The defendant having in compliance with a bond of indemnity defended the suit, claimed that he was entitled to the whole costs, and the defendant refusing to pay over the moiety received by him, this suit was commenced. On the trial of the cause, it appeared that the defendant had aided and had advanced monies in the defence of the suit, and that the plaintiff had made payments to him on account of the services rendered. The judge charged the jury that the plaintiff was entitled to recover the moiety of the bill of costs which had been received by the defendant, but that the jury ought to allow the defendant such sum as in their opinion he was entitled to for his services and disbursements in the defence of the suit, deducting the payments made to him by the plaintiff. The jury, by the consent of the parties, found a special verdict, subject to the opinion of the court upon the question of interest ; if the court should be of opinion that the plaintiff was entitled to recover interest, then they found a verdict for the plaintiff for $88,30 ; but if he was not entitled to recover interest, then they found a verdict for only $53,13.

*P. Gridley,* for plaintiff.

*J. A. Spencer,* for defendant, insisted that the demand of the plaintiff being unliquidated, he was not entitled to recover interest.

*By the Court,* SAVAGE, Ch. J. In the case of *The People* v. *Gasherie,* 9 *Johns. R.* 71, which was an action against the executrix of a loan officer who had retained monies received by him in his official character, the question was raised whether the defendant should be charged with interest. The court, after referring to several cases, say : " It is agreeable to the principle of these decisions, and it is just and reasonable in itself, that the defendant who retains and converts the money of another to his own use, should pay interest for that use." This decision was approved in *Reid* v. *The Rensselaer Glass Factory,* 3 *Cowen,* 393, where, after an examination of the cases on the question of interest, we came to the conclusion that in general interest is recoverable where money is withheld against the will of the owner. In the case now under consideration, money belonging to the plaintiff was received by the defendant, who claimed it and illegally withheld it from the plaintiff, and he ought therefore to pay interest. The plaintiff is entitled to judgment for the larger sum found by the jury.

Judgment for plaintiff.